IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON ARON PRESLEY aka ERNEST JOHN YOUNG,<br><br>Plaintiff,<br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-398 HCN<br><br>District Judge Howard C. Nielson<br><br>Magistrate Judge Cecilia M. Romero |

This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) from Judge Howard Nielson.  Plaintiff Jason Aron Presley was granted leave to proceed *in forma pauperis* (ECF 2) and filed a *pro se* complaint on June 10, 2019 (ECF 3).  Plaintiff now moves the Court for appointment of counsel (ECF 6).  As set forth below, the undersigned recommends this case be dismissed for failure to state a claim on which relief may be granted and recommends the Motion for Appointment of Counsel be denied or deemed moot.

**I.      The Complaint Should Be Dismissed**

Plaintiff brings this action against approximately 44 Defendants.  Because Plaintiff is acting *pro se*, the Court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding this generous standard, the court will not assume the role of advocate for a *pro se* litigant and it "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

When the Court grants a party's request to proceed *in forma pauperis* without payment of fees, as it did so for Plaintiff in this matter, it is required to "dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In deciding whether a complaint fails to state a claim for relief, the Court looks to the same standard used for analyzing motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  The Court looks for plausibility in the complaint and particularly, "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted). Although a complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Further, a complaint cannot rely on "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In reviewing Plaintiff's Complaint, it is difficult for the Court to ascertain any viable cause of action.  Plaintiff complains of other federal court orders denying his application "against this capitol case of domestic violence by Vernon Presley who murdered Mallissa [sic] and Gladys Presley."  Complaint p. 3.  In fact, attached to Plaintiff's Complaint is an order of

dismissal with prejudice from Judge Campbell.  In that order, Judge Campbell found another case to have similar meritless legal theories as to those in this case.  (ECF 3-1).

In the Complaint Plaintiff sets forth some facts behind the murder of Mallissa [sic] and relates details about a juvenile court case involving Presley Young and other circumstances supposedly involving Elvis Presley.  *See id.* pgs. 4-9.  At some point, "petitioners were then toxically gassed out of their house" in Taylorsville, Utah by Abbott Chemical and the Department of Social Security denied petitioners disability.  *Id.* p. 12.  Among the relief Plaintiff requests is *inter alia*: the "prosecution of this domestic violence", "DNA testing to determine Presley Youngs [sic] paternity", a repeal of an FBI exempt order, the repeal of a mental health competency evaluation, a "stay on all orders on appeal in this capitol case", and "protective orders for petitioners, their children and family."  *Id.* p. 13.  In short, Plaintiff's Complaint as presently pled, is a long "unadorned, the-defendant-unlawfully-harmed-me accusation" Iqbal, 556 U.S. at 678, that is inadequate under the Federal Rules.

The Tenth Circuit has stated that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  This case fits within the category of futility.  The *in forma pauperis* statute affords judges the authority to dismiss claims based on indisputably meritless legal theories.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 91992).  Here, in light of the asserted facts, the court finds this action frivolous.  The facts present "claims describing fantastic or delusional scenarios" and therefore must be dismissed.  *Neitzke*, 490 U.S. at 328.  And, Plaintiff's

Complaint should be dismissed with prejudice because the allegations cannot be remedied "through more specific pleading." *Harold v. Univ. of Colo. Hospital*, 680 F.App'x 666, 671 (10th Cir. 2017).

## II.     Plaintiff's Motion for Appointment of Counsel Should Be Denied or Deemed Moot

Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." "The appointment of counsel under this statute is a matter within the discretion of the district court." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). And, the "burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* The Court looks to a variety of factors when deciding whether to appoint counsel "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996) (10th Cir. 1991)). Here, Plaintiff has failed to convince the Court that there is sufficient merit to his claims to warrant the appointment of counsel. As such, Plaintiff's motion should be denied or deemed moot following dismissal.

## RECOMMENDATION

The undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Appointment of Counsel should be denied or deemed moot.

**NOTICE**

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *See id.*  Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 11 July 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah